IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. ELLIOTT, Sr.,  )<br>  )<br>  Plaintiff  )<br>  )<br> vs.  )<br>  )<br> Ph.D. JEFFREY A. BEARD; Ph.D. JOHN  )<br> S. SHAFFER; LANCE COUTERIER;  )<br> FRED MAUE; SHARON BURKES; JOHN )<br> DOE; HARRY S. WILSON; CAROL  )<br> SCIRE; LINDA D. HARRIS; and MARK  )<br> KRYSEVIG;  )<br>  )<br>  Defendants  )  | Civil Action No. 05-727<br>Judge Joy Flowers Conti/<br>Magistrate Judge Amy Reynolds Hay<br><br><br><br>Re Dkt. Nos.61 - 65; 67- 68 & 70 |

ORDER

Plaintiff has filed numerous motions. This order will address them seriatim.

Plaintiff has filed a motion to provide him with the District Court order adopting the Report and Recommendation. Dkt. [61]. In that motion, he alleges that he never received the District Court's order adopting the Report and Recommendation. Accordingly, attached hereto is a copy of the District Court's order (Dkt.[37]) adopting the report and recommendation. Hence, Plaintiff's motion to provide him with said order is GRANTED to the extent that a copy of the District Court order accompanies this order.

The possible explanation for Plaintiff not receiving the District Court's order is that apparently on August 29, 2006, Plaintiff was transferred from SCI-Fayette to SCI-Greene. Dkt. [38-1] at 2, ¶6. Plaintiff never filed a formal change of address so that his address on the docket continues to be SCI-Fayette. Accordingly, Plaintiff is hereby ORDERED to file a change of

address with the Clerk's office immediately in all of his cases currently active in this District, i.e., Civil Action Nos. 07-289; 06-447 and 05-727.

Plaintiff next filed a Motion to Strike the Declaration of September 14, 2006. Dkt. [62]. In this motion he complains about the Declaration of Michael Zaken dated September 14, 2006, wherein, Mr. Zaken attested that Plaintiff was only without his legal materials for the time from July 21, 2006 until August 5, 2006 as a sanction placed upon Plaintiff due to Plaintiff assaulting another inmate and threatening staff. Mr. Zaken's worked at SCI-Fayette where Plaintiff was housed at the time of the declaration. That declaration was filed in another civil rights case filed by Plaintiff that was pending in this court. Elliott v. Dorian, No. 05-1667 (W.D. Pa.). In its September 22, 2006 order filed in this case Dkt. [36], this court relied upon the declaration of Mr. Zaken to deny Plaintiff's motion Dkt. [35] for an indefinite enlargement of time in which to file objections to the report and recommendation. Essentially, in the present motion to strike, Plaintiff complains that while the Zaken affidavit stated Plaintiff had access to his legal materials, the affidavit was stale because as of August 29, 2006, Plaintiff was transferred to SCI-Greene and **following** the transfer, he was denied his legal materials and that is what he was complaining about in his September 10, motion for an indefinite enlargement of time. Dkt. [35]. By way of relief, Plaintiff seeks, inter alia, to strike the affidavit and all references thereto.

While the court may have erred in relying on the affidavit of Zaken because of its timing, Plaintiff's own words show that on November 29, 2006, while housed at SCI-Greene, Plaintiff was given access to his property and in doing so Plaintiff was "allowed ten law books and whatever legal materials would fit into the one record size box[.]" Dkt. [58-1] at 4, ¶10. Because Plaintiff was given access to his property and apparently could have obtained that which was

2

necessary to file objections to the report and recommendation and yet, not once in the many pleadings he has filed since November 29, 2006[1] raised any substantive objections to the report and recommendation nor explained why with the access provided him on that date, he did not seek to file such objections nunc pro tunc, in consideration of Plaintiff's motion to strike Dkt. [62], it is hereby ordered DENIED. Notwithstanding, Plaintiff's many protests to the court concerning his lack of legal materials, he has been more than able to inundate this court with many filings, including citations to relevant legal authorities, he has been granted reasonable extensions of time and he in fact had access to his property on November 29, 2006.[2]

---

[1] In fact, in his motion for indefinite enlargement of time [Dkt. 35], which was signed on September 10, 2006 and docketed on September 22, 2006, allegedly even before he had access to his legal materials, he in fact raised objections to the report and recommendation. Plaintiff himself acknowledges such. Dkt. 61-1 at 3 ("in the embodiment of the Plaintiff's September 10, 2006, motion [i.e., Dkt. 35] it is clear that the Plaintiff did in fact object at the least in part of the Magistrate Judge's Report and Recommendation"), which belies Plaintiff's repeated claims that without his legal materials he could not have filed objections to the Report and Recommendation.

[2] In this regard the Court notes that Plaintiff engages in this tactic of pleading inaccessibility to his legal materials in apparently every case he files. See e.g., Commonwealth of Pa. ex. rel. Elliott, No. CP-26-MD-000193-2006 (Fayette County CCP Dkt. entry dated 6/7/06 Petitioner's "Preliminary Injunction to retrieve any and all legal materials directly relating to this pending matter") available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200274439&arch=0&ST=3/23/2007%204:00:33%20PM

See also Commonwealth of Pa. ex. rel. Elliott, No. CP-26-MD-0000104-2006 (Fayette County CCP Dkt. entry dated 10/5/06) available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200224645&arch=0&ST=3/23/2007%204:14:38%20PM

See also Commonwealth of Pa. ex. rel. Elliott, No. CP-26-MD-0000184-2005 (Fayette County CCP Dkt. entry dated 6/7/06 Petitioner's "Preliminary Injunction to retrieve any and all legal

Plaintiff next filed a motion for a court order to allow Plaintiff access to the mini law library on first shift each and every day.  Dkt [63].   In consideration of the fact that granting such a request would amount to an unprecedented interference with the discretion of the DOC staff and without knowledge of the demands for the use of the mini law library by others, not to mention any security concerns as would arise from the issuance of such an order, prudence dictates that it be denied.  Hence, it is ordered that Plaintiff's Motion for A Court Order to Allow Plaintiff Access to the Mini Law Library Dkt.[63] is hereby DENIED.

Plaintiff next filed a "Motion to Admit into the Court's record Plaintiff's Exhibit(s) Evidence Nunc Pro Tunc In Support of Plaintiff's Motion of September 10, 2006 . . ." which was docketed on January 9, 2007.   Dkt. [64].   The motion essentially seeks to have the court admit into the record those exhibits which he attached to the motion.  The exhibits generally concern grievances he filed complaining about the lack of having access to his legal materials both before and after he was transferred to SCI-Greene.  He seeks to have the court consider those exhibits nunc pro tunc in support of his motion for an indefinite enlargement of time in which to file objections to the report and recommendation Dkt. [35], which was denied.   The report was filed on September 1, 2006.  Plaintiff's motion for an indefinite extension Dkt. [35] was filed

---

materials directly relating to this pending matter") available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=200274439&arch=0&ST=3/23/2007%204:00:33%20PM

See also Elliott v. Vaughn, No. 04-CV-1101 (M.D. Pa. Dkts. 132, 155, 160)(Available on PACER); Elliott v. Dorian, No. 05-1667 (W.D. Pa. Dkt. 27)(wherein after a report was filed recommending dismissal for failure to state a claim, Plaintiff sought to withdraw the suit based on his inaccessibility to legal materials.  The District Court adopted the report notwithstanding the Plaintiff's seeking to withdraw and dismissed the suit for failure to state a claim).

September 22, 2006 and was denied that same day.  The current motion Dkt. [64] is denied as moot to the extent that he seeks to have the exhibits made part of the record because his mere filing of the motion with the exhibits attached have accomplished making those exhibits part of the record.  To the extent that he seeks to have this court consider the exhibits nunc pro tunc in support of his motion for an indefinite extension, the Court will construe the present motion as really being a motion to reconsider this court's earlier order denying his motion for an indefinite extension of time and, as so construed, will order that Plaintiff's Motion Dkt. [64] be DENIED especially in light of Plaintiff's admitted access to his property on November 29, 2006.

      Plaintiff has also filed a Motion to Stay All Judicial Proceedings Until the Matter of Plaintiff's Argument on not being able to file objections properly . . . due to not having any of his legal materials" Dkt. [65], which is hereby DENIED in light of the foregoing reasoning denying his other similar motions.

      Lastly, Plaintiff has filed a motion for leave to file a Motion for Civil Suspension.  Dkt. [70].  Apparently Plaintiff is under the impression that this court issued an order directing that he file no more motions without leave of court.  The docket does not contain any such order.  Perhaps he is confusing this case with another case.  Plaintiff seeks to file a request that this court suspend this case "until the Plaintiff has been removed from the disciplinary time of an illegal 20 years or until some court decide[s] to step in" Dkt. [70- 4] at 2, ¶7.  He bases this request again on the assertion that he does not have access to his legal materials related to this case because on January 16, guards removed from Plaintiff's cell "legal materials relating to this case[.]" Id, at ¶ 8.  It has not escaped the court's attention that despite his protestations throughout the pendency of this case that he had none of his legal materials related to this case,

that at least on January 16, 2007, he had at least some of his legal materials related to this case. In consideration of all of the foregoing, it is hereby ordered that Plaintiff's motion for leave to file a motion for civil suspension [Dkt. 70] is DENIED as unnecessary and as to the motion for civil suspension itself which the court deems to have been filed, it is hereby DENIED.

Defendants have filed a motion for leave to file a motion for summary judgment. Dkt. [67]. It is hereby ordered that the Motion is GRANTED. Their motion for summary judgment shall be filed no later than April 20, 2007. The Defendants have also filed a motion for an extension of time in which to file their pre-trial narrative statement. Dkt. [68]. That motion is GRANTED and Defendants shall file their pre-trial narrative statement within ten days of the disposition of their motion for summary judgment.

IT IS FURTHER ORDERED that if plaintiff desires review of this Order by the District Judge to whom this case is assigned, plaintiff must file an application with the Clerk of Court within ten (10) days of the date of this Order. Failure to do so may waive the right to appeal. Siers v. Morrash, 700 F.2d 113 (3d Cir. 1983).

AND NOW, this 28th day of March, 2007, IT IS SO ORDERED.

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:   Joy Flowers Conti
United States District Court Judge

Joseph A. Elliott, Sr.
CA-1717
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370

Mariah Passarelli
via CM-ECF